IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3187-D

SANDRA ETTERS, et al., )
 )
                Plaintiffs, )
 )
v. ) **ORDER**
 )
SECRETARY BOYD BENNETT, et al., )
 )
                Defendants. )

On November 18, 2009, four state inmates filed this action under 42 U.S.C. § 1983 alleging violations of their Fourth, Eighth, and Fourteenth Amendment rights and seeking compensatory and punitive damages [D.E. 1]. Plaintiffs allege that various North Carolina Department of Correction ("DOC") employees have sexually assaulted, abused, or harassed them during their confinement and that certain "supervisory defendants" did nothing to prevent the abuse. Plaintiffs also seek to represent a class of all current and future female inmates of the DOC who have been or may become victims of sexual abuse perpetrated by DOC employees and staff [D.E. 72]. On March 16, 2011, the court granted in part a motion by several defendants for judgment on the pleadings [D.E. 30], dismissed two plaintiffs and four defendants, and dismissed the remaining plaintiffs' First and Fourteenth Amendment claims [D.E. 57]. On October 6, 2010, defendant Barbosa moved for appointment of counsel [D.E. 52].

On April 5, 2011, the remaining parties filed a stipulation of discovery [D.E. 59]. On April 28, 2011, Magistrate Judge James E. Gates held a scheduling conference [D.E. 65]. On April 29, 2011, Magistrate Judge Gates entered a scheduling order [D.E. 66]. On June 28, 2011, the remaining

plaintiffs renewed their motion for class certification [D.E. 72],[1] and state inmate Sabrina Phillips moved to intervene as a plaintiff pursuant to Federal Rule of Civil Procedure 24 [D.E. 73]. On July 21, 2011, Magistrate Judge Gates held a status conference [D.E. 87].

As for defendant Barbosa's motion for appointment of counsel, on May 9, 2011, the court directed him to file a financial affidavit on CJA Form 23, as well as a declaration stating the efforts he has made to secure counsel, no later than May 31, 2011 [D.E. 68]. Barbosa has not filed anything in response to the order, and on May 24, 2011, the court received returned as undeliverable the copy of the order mailed to Barbosa [D.E. 70]. Accordingly, the court denies Barbosa's motion for appointment of counsel.

As for Sabrina Phillips's motion to intervene, Phillips seeks to intervene as a plaintiff and claims that she has suffered sexual abuse and harassment that are "the same subject matter of the instant action." Mem. Supp. Mot. Intervene 2. She contends that her "ability to protect her interest in this matter may be impaired in the event that the defendants contend that [plaintiff] Etters is not an adequate class representative." Id. Phillips's proposed intervenor complaint "involves three additional defendants, and makes claims essentially the same [as the original complaint], except as to amounts of damages or other minor variations." Id. at 1. Defendants Bennett, Blalock, Harvey, Keller, and Kimble "concede that the claims Phillips seeks to bring are premised upon the same legal principles – violations of the Fourth and Eighth Amendments – as those the Plaintiffs still maintain," but object to Phillips's intervention because discovery has been underway for over two months and Phillips would be adding three additional defendants to the action. Mem. Opp'n Mot. Intervene 6.

The parties agree that Phillips's motion to intervene is governed by Federal Rule of Civil

---

[1] Defendants Bennett, Blalock, Harvey, Keller, and Kimble have until August 8, 2011, to respond to the motion for class certification [D.E. 83].

2

Procedure 24, which provides for two types of intervention: permissive intervention and intervention as of right. Federal Rule of Civil Procedure 24(a) permits (in pertinent part) intervention as of right when the party seeking intervention "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Federal Rule of Civil Procedure 24(b) permits (in pertinent part) permissive intervention when the party seeking intervention "has a claim or defense that shares with the main action a common question of law or fact." Phillips contends intervention is appropriate under either rule. Mem. Supp. Mot. Intervene 1.

> A party seeking intervention as of right
>
> must ... satisfy four requirements. First, the intervenor must submit a timely motion to intervene in the adversary proceeding. Second, he must demonstrate a "direct and substantial interest" in the property or transaction. Third, he has to prove that the interest would be impaired if intervention was not allowed. Finally, he must establish that the interest is inadequately represented by existing parties.

In re Richman, 104 F.3d 654, 659 (4th Cir. 1997); see Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976).

> With respect to the fourth criteria, i.e. whether the movant['s] interest is adequately represented by existing parties, an intervenor's burden of showing inadequacy of representation is "minimal." Westinghouse, 542 F.2d at 216 (citing Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972)). However, "when the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." Id.; Bragg v. Robertson, 183 F.R.D. 494, 496 (S.D. W. Va. 1998). The presumption may be overcome if the moving party shows "adversity of interest, collusion, or nonfeasance." In re Richman, 104 F.3d at 660.

Diagnostic Devices, Inc. v. Taidoc Tech. Corp., 257 F.R.D. 96, 99 (W.D.N.C. 2009).

Here, Phillips's own arguments demonstrate that she is not entitled to intervene as of right.

3

Phillips describes her claims as being "essentially the same" as those in the proposed class complaint, and contends only that the court may not "find[] Ms. Etters to be []adequate as a class representative." Mem. Supp. Mot. Intervene 2, 4. Thus, Phillips has not shown that her interests are adverse to the proposed class representatives. See Deutschman v. Beneficial Corp., 132 F.R.D. 359, 381 (D. Del. 1990) (denying intervention as of right because "[t]he possibility that [the proposed class representative] might in the future prove an inadequate class representative is insufficient to satisfy Rule 24(a)'s requirement that proposed intervenor's interests are not adequately represented by the current parties. . . . Fear of future divergence of interests is insufficient to establish inadequate representation in the absence of a current conflict.").

In opposition to this conclusion, Phillips cites Simmons v. Brown, 611 F.2d 65, 66 (4th Cir. 1979). In Simmons, the Fourth Circuit found that intervention as of right was appropriate after the district court dismissed the claims of the proposed class representatives on the merits. See id. at 66–67; see also Hill v. W. Elec. Co., Inc., 672 F.2d 381, 386 (4th Cir. 1982) (intervention as of right in certified class action was timely where "the proposed intervenor moved to intervene as soon as it became clear . . . that the interests of the unnamed class members would no longer be protected by the named class representatives." (quotation omitted)). Here, the court has not ruled on the motion for class certification, and has made no determination as to either the appropriateness of class certification or the adequacy of any proposed class representative. Thus, the court denies Phillips's motion to intervene as of right.

Permissive intervention is appropriate when the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Permissive intervention "lies within the sound discretion of the trial court." Hill, 672 F.2d at 385–86. Additionally, the motion must be "timely." Fed. R. Civ. P. 24(b).

4

Several factors determine if the application is timely: "how far the suit has progressed, the prejudice that delay might cause other parties, and the reason for the tardiness in moving to intervene." Scardelletti v. Debarr, 265 F.3d 195, 203 (4th Cir. 2001), rev'd on other grounds, Devlin v. Scardelletti, 536 U.S. 1 (2002). The court should consider all factors together. For example, "[m]ere passage of time is but one factor to be considered in light of all the circumstances." Spring Constr. Co. v. Harris, 614 F.2d 374, 377 (4th Cir. 1980). Courts also focus more closely on how far the suit has progressed and the likelihood that intervention may unfairly disrupt some resolution of the case. See, e.g., Scardelletti, 265 F.3d at 202–03 ("The purpose of the [time] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the [case's] terminal." (quoting United States v. South Bend Cmty. Sch. Corp., 710 F.2d 394, 396 (7th Cir. 1983))). Thus, the court's determination must focus on not only the delay's length, but also how the delay might be prejudicial and disruptive to the case's progress.

Wright v. Krispy Kreme Doughnuts, Inc., 231 F.R.D. 475, 478 (M.D.N.C. 2005).

Phillips's motion is untimely and will prejudice the current defendants. The case has already gone through one round of dispositive motions, and extensive discovery is well underway. Phillips seeks to add three additional defendants, who may wish to move for dismissal pursuant to Rule 12(b)[2] before answering the complaint and engaging in discovery. Phillips does not contend that her intervention will "avoid a competing suit in state court," Pa. Nat'l Mut. Cas. Ins. Co. v. Perlberg, 268 F.R.D. 218, 226 (D. Md. 2010); see Diagnostic Devices, Inc., 257 F.R.D. at 100 (allowing permissive intervention and stating that "[i]ntervention here may help avoid inconsistent results and promote judicial economy"), nor could she. At the July 21, 2011 status conference, counsel for the parties indicated that there are pending state court actions by other female state inmates with similar allegations. Thus, the court denies Phillips's motion for permissive intervention. Finally, the other cases that Phillips cites in support of permissive intervention fail to persuade the court, given that they involved certified class actions. See Brown v. Eckerd Drugs, Inc., 663 F.2d 1268, 1278 (4th

---

[2] For example, defendants Bennett, Blalock, Harvey, Keller, and Kimble question whether Phillips has exhausted her administrative remedies. Mem. Opp'n Mot. Intervene 6.

5

Cir. 1981) (permitting class member to intervene after trial as named representative), vacated on other grounds, 457 U.S. 1128 (1982); Muskelly v. Warner & Swasey Co., 653 F.2d 112 (4th Cir. 1981) (same); Lewis v. Gross, 663 F. Supp. 1164, 1173 n.3a (E.D.N.Y. 1986) (certifying class and allowing intervenors to "be designated as class representatives because they would further diversify the interests and character of the class representatives"); German v. Fed. Home Loan Mortg. Corp., 899 F. Supp. 1155, 1166 (S.D.N.Y. 1995) (allowing intervention of additional named plaintiffs in a certified class action who "are appropriate class members and will provide the Court with additional material to review as this case progresses"); cf. Deutschman, 132 F.R.D. at 382 ("The court has certified the class only tentatively, pending resolution of the common issues.").

In sum, the court DENIES defendant Barbosa's motion for appointment of counsel [D.E. 52] and Sabrina Phillips's motion to intervene as a plaintiff pursuant to Federal Rule of Civil Procedure 24 [D.E. 73].

SO ORDERED. This 1 day of August 2011.

JAMES C. DEVER III
United States District Judge