IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3187-D

| | |
|---|---|
| SANDRA ETTERS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  **ORDER** |
| | ) |
| SECRETARY REUBEN F. YOUNG, et al.,[1] | ) |
| | ) |
| Defendants. | ) |

On November 18, 2009, four state inmates filed this action under 42 U.S.C. § 1983 alleging violations of their Fourth, Eighth, and Fourteenth Amendment rights and seeking compensatory and punitive damages and injunctive relief, based on allegations that various North Carolina Department of Public Safety[2] ("DPS") employees have sexually assaulted, abused, or harassed them during their confinement and that certain supervisors did nothing to prevent the abuse [D.E. 1]. On March 16, 2011, the court granted in part a motion by several defendants for judgment on the pleadings [D.E. 30], dismissed two plaintiffs and four defendants, and dismissed the remaining plaintiffs' First and Fourteenth Amendment claims [D.E. 57]. Although plaintiffs have twice sought class certification [D.E. 2, 72], the court has twice denied the motions without prejudice [D.E. 49, 120].

On May 18, 2012, plaintiff Deven Deal and defendants Keller, Bennett, Kimble, Harvey, and Blalock filed a joint stipulation of dismissal, seeking "[d]ismissal with [p]rejudice of [p]laintiff

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the court substitutes Secretary Young and Chief Deputy Secretary Jennie Lancaster for former defendants Alvin Keller and Boyd Bennett. See [D.E. 130] 1 nn. 1–2.

[2] Effective January 1, 2012, the state of North Carolina reorganized its executive branch by consolidating various agencies; the previous Department of Correction is now the Division of Adult Correction, a subdivision of the Department of Public Safety. See N.C. Gen. Stat. § 143B-600(a)(1).

Deal's claims against these [d]efendants" [D.E. 129]. On May 21, 2012, Deal filed a second notice of voluntary dismissal, seeking dismissal with prejudice of her claims against defendant Barbosa [D.E. 131]. On the same date, plaintiff Sandra Etters and defendants Young, Lancaster, and Harvey filed a joint motion to expedite the entry of an order based on their proposed settlement agreement [D.E. 130], and Etters filed a motion for entry of default judgment against defendant Simms [D.E. 132].

As for plaintiff Deal's notices of voluntary dismissal, Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to dismiss an action voluntarily before an answer or summary judgment motion is filed or by stipulation of the parties. Fed. R. Civ. P. 41(a)(1)(A). Otherwise, the dismissal may be effected "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is to allow voluntary dismissals unless the parties will be unfairly prejudiced." Howard v. Inova Health Care Servs., 302 F. App'x 166, 178 (4th Cir. 2008) (per curiam) (unpublished) (quotation omitted); see Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). Relevant factors for the court's consideration of a Rule 41(a)(2) motion include "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." Howard, 302 F. App'x at 179 (citations and quotations omitted). After weighing all relevant factors, the court concludes that dismissal of Deal's claims is appropriate, and grants the requests for voluntary dismissal.

As for plaintiff Etters's motion for entry of default judgment, the motion is granted. Etters also requests a "hearing to determine the amount of damages owed to Plaintiff by Defendant Simms." Mot. Default J. [D.E. 132] 1. The court refers the motion to Magistrate Judge James E.

Gates for a hearing and recommendation on damages. See 28 U.S.C. § 636(b)(1)(A); Carbe v. Lappin, 492 F.3d 325, 327 (5th Cir. 2007); Wimmer v. Cook, 774 F.2d 68, 72–74 (4th Cir. 1985).

As for Etters's and several defendants' motion to expedite the entry of an order based on the parties' proposed settlement agreement, the court's ability to award prospective injunctive relief is circumscribed by the provisions of the Prisoner Litigation Reform Act, which provides in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a); see Plyler v. Moore, 100 F.3d 365, 369–70 (4th Cir. 1996). Thus, "the court shall not enter or approve a consent decree unless it complies with the limitations on relief set forth in subsection (a)." 18 U.S.C. § 3626(c)(1).

The parties have stipulated, and the court finds, that the relief provided in the parties' settlement agreement is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. See Settlement Agmt. [D.E. 130-1] ¶ 2. Accordingly, the court approves the parties' settlement agreement. Upon the motion of any party or intervener, the relief provided in the parties' settlement agreement shall terminate two years following the date of entry of this order. 18 U.S.C. § 3626(b)(1)(A)(i). In addition, any party or intervener may, by motion, seek modification or termination of the prospective relief "to the extent that modification or termination would otherwise

3

be legally permissible." Id. § 3626(b)(4).

In sum, the court GRANTS plaintiff Deal's requests for a voluntary dismissal with prejudice [D.E. 129, 131], and DISMISSES WITH PREJUDICE plaintiff Deal's claims. The court GRANTS the motion for default judgment against Simms [D.E. 132] and REFERS the motion to Magistrate Judge James E. Gates for a hearing and recommendation on damages. The court GRANTS the motion to expedite approval of the settlement agreement [D.E. 130], and hereby APPROVES the settlement agreement [D.E. 130-1], subject to the limitations of 18 U.S.C. § 3626.

SO ORDERED. This 30 day of May 2012.

JAMES C. DEVER III
Chief United States District Judge

4